IN THE UNITED STATES BANKRUPTCYCOURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE:<br>**MONROE MURPHY, III**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No.: 24-80197**<br>**Chapter 7** |
| **MONROE MURPHY, III**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF EDUCATION, NELNET ET AL.,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No: _____** |

## COMPLAINT

COMES NOW Plaintiff, MONROE MURPHY, III, and files this Complaint to Determine Dischargeability of Student Loan, and for good cause would show the Court the following:

### JURISDICTION AND VENUE

The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This Complaint is commenced pursuant to sections 523(a)(8) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(1)(2) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

1

Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Rule 7008-1 of the Bankuptcy Local Rules for the Southern District of Texas, Plaintiff consents to the entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## PARTIES

Plaintiff is the Debtor ("Plaintiff" or "Debtor") in the underlying bankruptcy case and resides at 121 San Simeon Dr, Manvel, Texas 77578 in Brazoria County.

Defendant, United States Department of Education, may be served with a copy of this Adversary Complaint and the Summons at [1] the U.S. Department of Education, 400 Maryland Avenue, SW, Washington, D.C. 20202 and by serving the United States Attorney, Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77042, and by serving the Attorney General of the United States, Merrick B. Garland, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530. And Defendant, Navient, P.O. Box 9640, Wilkes-Barre, PA 18773-9640.

## FACTUAL BACKGROUND

Plaintiff has the following student loans: Navient. The outstanding balance of the student loans Plaintiff is seeking to discharge in this adversary proceeding is $281,824.00. Plaintiff incurred the student loans while attending Southern University and A&M College, where Plaintiff was pursuing a Bachelor of Science degree with a specialization in Business Management. Plaintiff completed the course of study in May 2012 and received a Bachelor of Science degree. The Debtor also attended Southern University Law Center, where Plaintiff was pursuing a Juris Doctorate degree. Plaintiff completed the course of study in May 2015.

Plaintiff is currently employed as a Document Review Attorney at Consillio Services LLC located at 1828 L Street NW, Suite 1070, Washington, DC. 20036 and has part time employment with Omni-Invictus, LLC, d/b/a Array, 2995 Dawn Suite 106, Georgetown, TX 78628-2878.

Plaintiff does not have the ability to make payments on the student loan(s) while maintaining a minimal standard of living himself and his household, as his gross monthly income is $3,289.00 and gross part time income of $1,771.20 for a total gross income of $5,060.20. Debtor's monthly expenses are $6,886.16.

In addition, Plaintiff's financial circumstances are unlikely to materially improve over a significant portion of the repayment period as Plaintiff has a chronic medical condition that severely impacts his income potential.

Plaintiff has made good faith efforts to repay the student loan(s) at issue in this proceeding, including:

Plaintiff has enrolled in one or more "Income Driven Repayment Programs" or similar programs offered by the Department of Education.

Plaintiff submits the following circumstances as additional support for the efforts to discharge student loan(s) as an "undue hardship" under 11 U.S.C. § 523(a)(8).

1- The Plaintiff suffers from a severe medical condition which requires medical devices being installed. The long-term prognosis is the need for a living saving major medical procedure in the near future. This procedure will impact the Plaintiff's ability to obtain and maintain employment and ability to perform the any employment that he has been trained for which will result in his income being significantly impacted.

3

**Dischargeability under 11 U.S.C. 523(a)(8).**

11 U.S.C. 523(a)(8) provides as follows:

523(a) states a discharge under section 727, 1141, 1192, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt - (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for— **(A)(i)** an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or **(ii)** an obligation to repay funds received as an educational benefit, scholarship, or stipend.

Plaintiff has demonstrated that it would impose an undue hardship on him to except the student loan from discharge.

**WHEREFORE**, Plaintiff respectfully requests that the Court determine that Plaintiff's student loan debt to Defendants are dischargeable under 11 U.S.C. 523(a)(8), and that the Court grant Plaintiff such other and further relief to which he may may be entitled.

Respectfully submitted

/s/LaShundra Davis-Culpepper
LaShundra Davis-Culpepper
State Bar No.: 24129389
S.D. Tex. Bar No.: 846744
1601 Industrial Boulevard, Ste 3072
Sugar Land, TX 77469
Phone:   281-494-1030
Email:   lculpepper@culpepper-law.com